IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| VERLITA LONG, | * |
|     Plaintiff, | * |
| vs. | *   Case No. 3:11-CV-001 (CDL) |
| MERIAL LIMITED *et al.*, | * |
|     Defendants. | * |

O R D E R

Plaintiff, Verlita Long, who is proceeding *pro se,* asserts employment discrimination claims against her former employer and co-workers pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623 ("ADEA").[1] Presently pending before the Court is Defendant Merial Limited's ("Merial") Amended Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14). Merial contends that Plaintiff's Amended Complaint should be dismissed with prejudice because (1) Plaintiff did not exhaust her administrative remedies concerning her Title VII claim, (2) her Amended Complaint fails to state a claim for age and race discrimination, and (3) Plaintiff's age

---

[1] While plaintiff does not refer specifically to the ADEA in her Amended Complaint, she does assert a claim of age discrimination. Plaintiff did reference the ADEA in her initial charge filed with the Equal Employment Opportunity Commission.

discrimination claim is untimely. The Court finds that Plaintiff's Amended Complaint fails to state a claim for age and race discrimination. Therefore, the Court need not address Defendants' alternative arguments in favor of dismissal. Given Plaintiff's shifting allegations of discrimination and her failure to state a claim in both her original and amended Complaints, the Court is not inclined to give Plaintiff leave to amend her Complaint further. Accordingly, Merial's Motion to Dismiss is granted, and Plaintiff's Amended Complaint is dismissed in its entirety, with prejudice.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]"

*Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

BACKGROUND

Plaintiff filed this action against her former employer, Merial, and two Merial employees, Nick Sanders and Valeria Burger (collectively "Defendants"). According to Plaintiff's Amended Complaint, Defendants discriminated against Plaintiff by wrongfully terminating her employment. Am. Compl. ¶ 4, ECF No. 9. Plaintiff generally alleges in conclusory fashion that Defendants discriminated against her based on her race and age. *Id.* ¶¶ 6-9. Plaintiff does not allege any specific facts to support her conclusion. She simply asserts that "[t]he defendants' discriminatory behavior towards the African-American and older employees at this plant led to a scheme to have the plaintiff wrongfully accused and terminated from her employment." *Id.* ¶ 9.

The alleged discrimination occurred on August 3, 2010. *Id.* ¶ 8. Plaintiff originally filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Defendants'

3

alleged discriminatory conduct on September 23, 2010. Defs.' Mot. To Dismiss Ex. 1, Pl.'s EEOC Charge, ECF No. 14-2. In her EEOC charge, Plaintiff only alleged age discrimination. *Id*. Plaintiff received a right-to-sue letter from the EEOC on October 5, 2010. Am. Compl. ¶ 11. Plaintiff filed her original Complaint on January 3, 2011, asserting that she had been discriminated against on the basis of race and gender; she did not allege age discrimination. *See generally* Compl., ECF No. 1. On March 14, 2011, Defendants filed a motion to dismiss for failure to state a claim, relying primarily upon Plaintiff's failure to exhaust her administrative remedies (*i.e.*, file a timely charge of race and sex discrimination with the EEOC) before proceeding in her action. Defs.' Mot. To Dismiss, ECF No. 7. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and eighteen days after receiving Defendants' original motion to dismiss, Plaintiff filed her Amended Complaint on April 1, 2011. In her Amended Complaint, Plaintiff resurrects her age discrimination claim, reasserts her race discrimination claim, and abandons her sex discrimination claim. *See generally* Am. Compl.

DISCUSSION

Defendants contend that Plaintiff's Amended Complaint fails to state a claim for race discrimination and age discrimination.

As discussed below, the Court agrees and therefore finds it unnecessary to address Defendants' alternative arguments.

**I. Plaintiff's Failure to State a Claim for Race Discrimination**

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [.]" 42 U.S.C. 2000e-2(a)(1). Section 1981 prohibits race discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981. In the employment context, the same analysis applies to claims under both Title VII and § 1981. *See Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n. 11 (11th Cir. 2000). Under both statutes, a plaintiff must establish that her employer discriminated against her because of her race. To state a claim for race discrimination, Plaintiff must allege sufficient facts in her Complaint from which the Court can reasonably conclude that her claim of discrimination is plausible, that she has a right to relief that is not speculative, and that a reasonable expectation exists that discovery will reveal evidence supporting her claim of discrimination. *See Ashcroft,* 129 S. Ct. at 1949; *see also Twombly,* 550 U.S. at 555-56.

Plaintiff's Complaint fails to state a claim for race discrimination. She has alleged no facts showing direct

evidence of racial discrimination. She has also failed to allege facts demonstrating circumstantial evidence of race discrimination, such as: "(1) [s]he was a member of a protected class; (2) [s]he was qualified for the job; (3) [s]he suffered an adverse employment action; and (4) [her] employer treated similarly situated employees outside the protected class more favorably." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (per curiam) (quoting *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)).

Both the Complaint and the Amended Complaint make conclusory allegations that Defendants engaged in "discriminatory behavior" that led to a "scheme to have the plaintiff wrongfully accused and terminated from her employment." Compl. ¶ 9; Am. Compl. ¶ 9. Plaintiff does not, however, allege any facts describing the discriminatory behavior or the scheme. Moreover, Plaintiff alleges no facts from which the Court could reasonably infer that Defendants treated similarly situated employees outside Plaintiff's protected class more favorably, or that she was replaced by anyone outside her protected class. Her conclusory allegations do not demonstrate that she has stated a claim that is plausible on its face or that her claim for relief rises above the speculative level. She certainly alleges no facts from which one could reasonably

conclude that discovery may reveal evidence of her claim. Therefore, Plaintiff's race discrimination claims are dismissed.

**II. Plaintiff's Failure to State a Claim for Age Discrimination**

Under the ADEA, it is unlawful for an employer to terminate or otherwise discriminate against an employee because of the employee's age. 29 U.S.C. § 623(a)(1). Similar to her allegations of race discrimination, Plaintiff alleged no facts that would constitute direct evidence of age discrimination. Likewise, Plaintiff alleged no facts that would constitute circumstantial evidence of age discrimination. She has failed to allege that: (1) she was a member of a protected age group; (2) she was qualified for the job from which she was discharged; (3) she was discharged; and (4) she was treated less favorably than a similarly situated individual outside her protected age class or her former position was filled by a younger individual. *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc); *accord Johnson v. Atlanta Indep. Sch. Sys.*, 137 F. App'x 311, 314 (11th Cir. 2005) (per curiam).

As with her race claims, Plaintiff alleges in conclusory fashion that Defendants engaged in "discriminatory behavior" that led to a "scheme to have the plaintiff wrongfully accused and terminated from her employment." Am. Compl. ¶ 9. Plaintiff does not allege any specific facts demonstrating that she has a plausible claim for age discrimination that rises above the

speculative level, and her allegations do not suggest that discovery may reveal evidence of age discrimination. Therefore, she has failed to state a claim for age discrimination under the ADEA.

CONCLUSION

Based on the foregoing, Defendants' Amended Motion to Dismiss (ECF No. 14) is granted, and Plaintiff's Amended Complaint is dismissed in its entirety, with prejudice. The Court declines to *sua sponte* grant Plaintiff another opportunity to amend her Complaint before dismissing her claims with prejudice. *See Rance v. Winn*, 287 F. App'x 840, 842 (11th Cir. 2008) (per curiam) (finding no error when district court dismissed *pro se* plaintiff's complaint with prejudice without *sua sponte* granting him leave to amend).

IT IS SO ORDERED, this 23rd day of June, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE